## DAVEY v. ÆTNA LIFE INS. CO.

*(Circuit Court, D. New Jersey. March 25, 1884.)*

MOTION FOR A NEW TRIAL—JURORS JUDGES OF THE FACTS.

A motion for a new trial, on the ground that the verdict was against the weight of evidence, should not be granted if it appears that the verdict, though unexpected, could by possibility have been given consistently with facts in the case and the court's instructions.

On Application for Rule to Show Cause.

*A. Q. Keasbey,* for the motion.

*John Linn, contra.*

NIXON, J. This is an application for a rule to show cause why a new trial should not be granted upon the ground that the verdict was against the weight of evidence. See *ante,* 482. It rarely happens that a court is justified in setting aside the action of a jury on issues of fact, in the absence of proof of fraud or palpable mistake, where there is any evidence to sustain the verdict. A trial by jury is the constitutional right of the American citizen, and courts may not infringe upon this right by undertaking to nullify the acts of the jurors by setting aside their deliberate judgment in cases where the judges, under the evidence, would have reached a different conclusion. It is conceded that the verdict rendered in this case was not expected, but there is one view of the facts upon which it may probably be sustained. In construing the provisions of the policy of insurance on which the suit was brought, the court instructed the jury that they had the right to hold that proof of a single instance of the excessive use of alcoholic liquors, although it resulted in death, should not be regarded as the intemperance referred to in the policy, by which the health of the insured was impaired. The jury may have regarded the proof of the free use of brandy and gin on the night of the sickness which terminated in death as an exceptional case, growing out of the surrounding condition and circumstances, and may not have given as much importance to the testimony of drinking at other times as the defendants were disposed to do.

We have carefully read the testimony, and do not perceive how any additional light can be shed on the case by granting the rule to show cause, and the application is therefore refused.